2008-NMCA-080

186 P.3d 904

**STATE of New Mexico,
Plaintiff–Appellee,**

v.

**Lisa UTLEY, Defendant–Appellant.**

No. 27,049.

Court of Appeals of New Mexico.

March 27, 2008.

Certiorari Denied, No. 31,040,
April 29, 2008.

Gary K. King, Attorney General, Andrew S. Montgomery, Assistant Attorney General, Santa Fe, NM, for Appellee.

John Bigelow, Chief Public Defender, Joseph P. Walsh, Assistant Appellate Defender, Santa Fe, NM, for Appellant.

## OPINION

WECHSLER, Judge.

{1} We consider in this appeal the district court's ability under NMSA 1978, § 31–21–10(C) (2004) (amended 2005 and 2007) to attach a two-year parole period to a consecutive sentence for third and fourth degree felonies. We hold that the district court may do so and affirm.

## BACKGROUND

{2} Based on a plea and disposition agreement, Defendant Lisa Utley pleaded guilty to voluntary manslaughter with a firearm enhancement, a third degree felony; tampering with evidence, a fourth degree felony; and possession of a firearm or destructive device by a felon, a fourth degree felony. The district court sentenced Defendant to a commitment of six years for the third degree felony, one year for the mandatory firearm enhancement, and eighteen months for each of the two fourth degree felonies. The district court ordered the sentences to be served consecutively, for a total commitment of ten years, and to be followed by a parole period of two years. Apparently, the district court wanted Defendant, who suffered from bipolar disorder and had a long history of drug abuse, placed in an intensive in-patient treatment program during her parole period

to "better prepare herself for returning to society."

{3} After subsequent discussions between counsel concerning whether the proper duration of parole was one or two years, the State filed a motion to clarify the sentence. In response, Defendant argued that New Mexico Supreme Court precedent required Section 31–21–10(C) to be interpreted to limit Defendant's parole period to one year. The district court disagreed, ruling that Section 31–21–10(C) authorized the two-year parole period included in Defendant's sentence. Defendant appeals, arguing that the district court imposed an illegal sentence.

### PERIOD OF PAROLE AFTER MULTIPLE CONVICTIONS

■ {4} Under these circumstances, we review the district court's sentencing authority as a matter of statutory construction under de novo review. *See State v. King*, 2007–NMCA–130, ¶ 4, 142 N.M. 699, 168 P.3d 1123 (stating that while we review a district court's sentencing determination for an abuse of discretion, we review the legality of a sentence under de novo review), *cert. quashed*, 2007–NMCERT–011, 143 N.M. 157, 173 P.3d 764; *State v. Davis*, 2007–NMCA–022, ¶ 6, 141 N.M. 205, 152 P.3d 848 ("Statutory construction involves legal questions, which we review de novo."), *cert. denied*, 2007–NMCERT–002, 141 N.M. 339, 154 P.3d 1239. Section 31–21–10(C) governs an inmate's period of parole following a commitment for a felony. Prior to its 2007 amendment, it read:

Except for sex offenders as provided in Section 31–21–10.1 NMSA 1978, an inmate who was convicted of a first, second or third degree felony and who has served the sentence of imprisonment imposed by the court in an institution designated by the corrections department shall be required to undergo a two-year period of parole. An inmate who was convicted of a fourth degree felony and who has served the sentence of imprisonment imposed by the court in an institution designated by the corrections department shall be required to undergo a one-year period of parole. During the period of parole, the person shall be under the guidance and supervision of the [parole] board.

Section 31–21–10(C) is silent, however, on the subject of consecutive sentences.

{5} Another statute relevant to our analysis is NMSA 1978, § 31–18–15(C) (2003) (amended 2005 and 2007), which states, in part, that "[t]he period of parole shall be deemed to be part of the sentence of the convicted person in addition to the basic sentence." Our Supreme Court has relied on Section 31–18–15(C) to prohibit the separation of a parole period from its period of imprisonment in order to stack multiple periods of parole that are part of a consecutive sentence. *Brock v. Sullivan*, 105 N.M. 412, 414, 733 P.2d 860, 862 (1987). In *Brock*, the defendant had been sentenced to serve four consecutive eighteen month terms of imprisonment for four fourth degree felonies, followed by a one-year period of parole for each term. *Id.* at 413, 733 P.2d at 861. The parole board separated the parole periods from the terms of imprisonment and required the defendant to serve a total of four years of parole following his imprisonment. *Id.* at 413–14, 733 P.2d at 861–62. The Court held that such division of the defendant's sentence was improper under Section 31–18–15(C). *Brock*, 105 N.M. at 414, 733 P.2d at 862. It did not agree with the previous decision of this Court in *State v. Smith*, 102 N.M. 350, 352–53, 695 P.2d 834, 836–37 (Ct. App.1985), *overruled by Gillespie v. State*, 107 N.M. 455, 456, 760 P.2d 147, 148 (1988), in which we held that a district court may order multiple parole periods to be served after the completion of a person's imprisonment for consecutive felony sentences, citing another statute, NMSA 1978, § 33–2–39 (1889) ("Whenever any convict shall have been committed under several convictions with separate sentences, they shall be construed as one continuous sentence for the full length of all the sentences combined."), in support of our decision. *See Brock*, 105 N.M. at 414, 733 P.2d at 862.

{6} Our Supreme Court also relied on Section 31–18–15(C) in analyzing the requirements of Section 31–21–10(C) in *Gillespie*, 107 N.M. at 455–56, 760 P.2d at 147–48. In that case, the defendant had been convicted

of a fourth degree felony and a misdemeanor. *Id.* at 455, 760 P.2d at 147. The district court ordered consecutive sentences of eighteen months for the felony and 364 days for the misdemeanor and required a one-year period of parole "upon completion of said prison terms." *Id.* (internal quotation marks omitted.) The Court noted its interpretation of Section 31–18–15(C) in *Brock* that the parole period for consecutive terms for fourth degree felonies began to run "immediately after the completion of the period of incarceration for each offense so that the parole period attached to each felony [would] run concurrently with any subsequent sentence then being served." *Gillespie*, 107 N.M. at 456, 760 P.2d at 148. It concluded that the defendant's parole period under Section 31–21–10(C) began to run immediately after his felony sentence was completed. *Gillespie*, 107 N.M. at 455–56, 760 P.2d at 147–48. In doing so, it expressly overruled *Smith* to the extent that it was inconsistent with its analyses in both *Gillespie* and *Brock*. *Gillespie*, 107 N.M. at 456, 760 P.2d at 148.

{7} Defendant contends that *Gillespie* is dispositive of this appeal. According to Defendant, the plea and disposition agreement and the judgment and sentence both list Defendant's offenses in the order of their seriousness, with the third degree felony first, leading Defendant to believe that she would first serve the sentence for the third degree felony. Defendant further contends that without ambiguity in the plea and disposition agreement, or at least without the district court considering evidence to resolve any ambiguity in the agreement, the plea and disposition agreement must be construed in her favor. Under *Gillespie*, if Defendant first serves her imprisonment for the third degree felony, she will serve her corresponding two-year parole term while she is imprisoned for the fourth degree felonies. We note, however, that our Supreme Court in *Gillespie* did not rule on the sequence of prison terms in a consecutive sentence and only vacated the judgment that ordered the one-year parole period to be served after the completion of imprisonment for both a fourth degree felony and a misdemeanor. *Id.*

{8} At the hearing on the motion to clarify the sentence in this case, the State urged the district court to correct any problem caused by *Gillespie* by ordering Defendant to serve the sentence for the third degree felony last. In response, the district court stated that the common practice is to list the most serious crime first but that the order is ultimately "insignificant." It relied on Section 31–21–10(C) as providing the authority to order the two-year parole period regardless of whether the third degree felony was listed first or last in its sentencing order.

{9} Indeed, the district court's position is supported by our reading of the legislative intent behind the Probation and Parole Act. *See Brock*, 105 N.M. at 414, 733 P.2d at 862 ("In construing a statute, we must consider what the legislature is seeking to accomplish, and give effect to legislative intent."). The purpose of parole under the Act is to treat persons convicted of crimes based on their individual needs "when a period of institutional treatment is deemed essential in the light of the needs of public safety and their own welfare." NMSA 1978, § 31–21–4 (1963). The district court took precisely that action after considering Defendant's need for rehabilitation and recommending that while on parole Defendant be placed "in an intensive inpatient treatment program so she can better prepare herself for returning to society." It does not make sense to us that the district court could have achieved the Act's rehabilitative purpose, fulfilling the intent of the statute, if it sentenced Defendant to concurrent terms but was not able to achieve the same result because it believed that Defendant's conduct and need for rehabilitation merited consecutive terms of imprisonment before in-patient treatment. *See State v. Maestas*, 2007–NMSC–001, ¶ 22, 140 N.M. 836, 149 P.3d 933 ("[W]e give effect to legislative intent by construing statutes to avoid absurd results."). Even more illogically, it *does not make sense* that the district court could have imposed the two-year parole period if Defendant had not been convicted of the fourth degree felonies, but because she committed fourth degree felonies in addition to the third degree felony, it was restricted to one year for its recommended intensive in-patient program.

**{10}** We thus affirm the district court's sentence. The district court did not direct the order in which Defendant was to serve the consecutive sentences. Although the plea and disposition agreement and the judgment and sentence listed the most serious crime first, the district court stated that the order was "insignificant." Regardless of the order of the listing, the plea and disposition agreement clearly stated that sentencing was left to the district court's discretion. The district court very clearly exercised its discretion—Defendant was to serve a two-year parole period. In the absence of the district court placing the sentences in a particular order, we will presume that the sentence was correct and that the third degree felony will be served last. *See In re Ernesto M., Jr.,* 1996–NMCA–039, ¶ 19, 121 N.M. 562, 915 P.2d 318 ("Where there is a doubtful or deficient record, every presumption must be indulged by the reviewing court in favor of the correctness and regularity of the lower court's judgment.").

{11} We lastly note the State's argument attacking the continued vitality of *Gillespie* and *Brock.* In *State v. Lopez,* 2007–NMSC–011, 141 N.M. 293, 154 P.3d 668, our Supreme Court held, in the context of two sentences that required the defendant to serve consecutive terms of probation under the same conditions of probation, that the district court was permitted to revoke the second probationary sentence for conduct that violated the conditions, even though the conduct occurred before the defendant began serving the second probation. *Id.* ¶¶ 3, 6. In doing so, it applied Section 33–2–39 and treated the two consecutive sentences as one continuous sentence. *Lopez,* 2007–NMSC–011, ¶ 11, 141 N.M. 293, 154 P.3d 668. According to the State, when consecutive sentences are treated as one continuous sentence, a parole term cannot be deemed to run concurrently with a term of imprisonment because parole can only be served "after the completion of any actual time of imprisonment." Section 31–18–15(C). Thus, the State asserts that *Gillespie* and *Brock* cannot be reconciled with *Lopez.* The State urges that the proper approach in a case like the present case would be to treat the consecutive sentences as one continuous sentence and to read Section 31–21–10(C) to require either a one-year or a two-year period of parole depending on the most serious offense for which the defendant was sentenced.

{12} We do not address that argument. Like *Lopez,* the dissenting opinions in *Gillespie* and *Brock* relied on Section 33–2–39, as did this Court's opinion in *Smith. Gillespie,* 107 N.M. at 456, 760 P.2d at 148 (Stowers, J., dissenting); *Brock,* 105 N.M. at 415–16, 733 P.2d at 863–64 (Stowers, J., dissenting); *Smith,* 102 N.M. at 352–53, 695 P.2d at 836–37. The Supreme Court decided otherwise and overruled *Smith* to the extent that it was inconsistent with *Gillespie* and *Brock. Gillespie,* 107 N.M. at 456, 760 P.2d at 148. We leave to our Supreme Court the task of resolving the tension, if any, between *Lopez* and *Brock* and *Gillespie. See State ex rel. Martinez v. City of Las Vegas,* 2004–NMSC–009, ¶ 22, 135 N.M. 375, 89 P.3d 47 ("[W]hile the Court of Appeals is bound by Supreme Court precedent, the Court is invited to explain any reservations it might harbor over its application of our precedent so that we will be in a more informed position to decide whether to reassess prior case law.").

## CONCLUSION

{13} The district court ordered Defendant to serve three sentences consecutively. We construe the judgment and sentence to require Defendant to serve the sentence for voluntary manslaughter with a firearm enhancement, a third degree felony requiring a two-year parole period, after she serves the other two sentences. We affirm the district court's judgment and sentence.

**{14} IT IS SO ORDERED.**

WE CONCUR: JONATHAN B. SUTIN, Chief Judge, and CYNTHIA A. FRY, Judge.