# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

STATE OF NEW MEXICO,

    Plaintiff-Appellee,

v.                                    **NO. 27,050**

ANDREW ROMERO,

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF VALENCIA COUNTY**
**William A. Sanchez, District Judge**

Gary K. King, Attorney General
Anita Carlson, Assistant Attorney General
Santa Fe, NM

for Appellee

Robert E. Tangora, L.L.C.
Robert E. Tangora
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**WECHSLER, Judge.**

Defendant Andrew Romero appeals from his conviction after a guilty plea of second degree murder (firearm enhancement), a second degree felony; aggravated

battery causing great bodily harm (firearm enhancement), a third degree felony; and tampering with evidence, a fourth degree felony. The district court committed Defendant to the Department of Corrections to serve consecutive terms as follows: murder—fifteen years, followed by two years of parole; aggravated battery—three years, followed by two years of parole; and tampering with evidence—eighteen months, followed by one year of parole. It enhanced the murder and tampering with evidence sentences by one year for each offense for the use of a firearm. It ordered all sentences to be consecutive for a total of twenty-one and one-half years, followed by a parole period of two years. Defendant contends on appeal that (1) the district court imposed an illegal sentence by ordering a two-year parole after Defendant serves his entire sentence, and (2) Defendant's trial counsel did not provide him with effective assistance. We affirm.

**ILLEGAL SENTENCE**

Defendant argues that *Gillespie v. State*, 107 N.M. 455, 760 P.2d 147 (1988), and *Brock v. Sullivan*, 105 N.M. 412, 733 P.2d 860 (1987), require a one-year period of parole after serving a sentence for a fourth degree felony and that, therefore, the district court's sentence was illegal. However, as Defendant recognizes, since Defendant made this argument to the district court, this Court has issued its opinion

2

in *State v. Utley*, 2008-NMCA-080, ¶ 10, 144 N.M. 275, 186 P.3d 904, *cert. denied*, 2008-NMCERT-004, 144 N.M. 48, 183 P.3d 933, holding that a district court may impose a two-year parole period following convictions of third and fourth degree felonies, regardless of the order of the crimes in the judgment and sentence. Defendant argues that *Utley* contradicts the Supreme Court cases of *Gillespie* and *Brock*. In *Utley*, we considered *Gillespie* and *Brock* in our analysis. *Utley*, 2008-NMCA-080, ¶¶ 5-9, 11-12. The Supreme Court denied the defendant's petition for a writ of certiorari. 2008-NMCERT-004, 144 N.M. 48, 183 P.3d 933. *Utley* controls the issue on appeal.

**INEFFECTIVE ASSISTANCE OF COUNSEL**

Defendant argues that his trial counsel did not provide him effective assistance of counsel. He contends that counsel failed in counsel's constitutional obligations by not pursuing a motion to exclude the State's witnesses from testifying because they did not participate in interviews, by encouraging Defendant to accept a plea agreement without the motion to exclude, and by proceeding to sentencing without a pre-sentence report or calling a witness to testify on Defendant's behalf.

As Defendant acknowledges, to assert a claim for ineffective assistance of counsel, he has the burden of establishing a prima facie case from the record. *State*

*v. Wilson*, 117 N.M. 11, 18, 868 P.2d 656, 663 (Ct. App. 1993). To meet this burden, he must establish both that his attorney's performance fell short of that of a reasonably competent attorney and that Defendant was prejudiced as a result. *See State v. Plouse*, 2003-NMCA-048, ¶ 6, 133 N.M. 495, 64 P.3d 522. If "we can conceive of a reasonable trial tactic which would explain the counsel's performance," there is not a prima facie case of ineffective assistance. *State v. Roybal*, 2002-NMSC-027, ¶ 21, 132 N.M. 657, 54 P.3d 61; *Wilson*, 117 N.M. at 18, 868 P.2d at 663.

On the record before us, Defendant does not assert a prima facie case of ineffective assistance of counsel. As to the motion to exclude the State's witnesses, Defendant filed such a motion the day before the filing of the plea agreement, claiming that the State did not make its witnesses available to Defendant. However, Defendant thereafter entered a guilty plea, which had the effect of waiving any issues that he did not reserve in his plea. *State v. Hodge*, 118 N.M. 410, 414, 882 P.2d 1, 5 (1994); *State v. Ball*, 104 N.M. 176, 183-84, 718 P.2d 686, 693-94 (1986). Defendant did not reserve any issue concerning the availability or exclusion of the State's witnesses. Indeed, the plea agreement expressly states that Defendant "hereby gives up any and all motions, defenses, objections or requests which he has made or raised." Moreover, although Defendant asserted facts concerning his allegations in his motion,

4

these assertions are only assertions; the district court did not make any finding for review by this Court.

As to counsel's encouraging Defendant to enter a plea without pursuing the motion to exclude, the record does not indicate that counsel did not have a sufficient basis to recommend the plea. Indeed, the factual basis stated in support of the charges demonstrated a strong case against Defendant. The plea agreement could be viewed as favorable to Defendant, and, particularly without a different record, on that basis alone, we can conclude that counsel had a rationale basis for counsel's action. *See* *Wilson*, 117 N.M. at 18, 868 P.2d at 663.

The same is true with regard to counsel's proceeding to sentencing without a pre-sentence report or calling any witnesses. Moreover, on the record before us, there is no indication that Defendant suffered any prejudice from counsel's actions. *See id.* Defendant has not asserted a prima facie case of ineffective assistance of counsel. Nothing precludes Defendant from raising this issue by a writ of habeas corpus.

**CONCLUSION**

We affirm Defendant's convictions.

**IT IS SO ORDERED.**

_____
**JAMES J. WECHSLER, Judge**

5

**WE CONCUR:**

_____
**JONATHAN B. SUTIN, Judge**


_____
**MICHAEL E. VIGIL, Judge**