This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                          **NO. 29,713**

**JAMES OLSSON,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Teddy L. Hartley, District Judge**

Gary K. King, Attorney General
Santa Fe, NM
M. Anne Kelly, Assistant Attorney General
Albuquerque, NM

for Appellee

Jacqueline L. Cooper, Acting Chief Public Defender
Nina Lalevic, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VANZI, Judge.**

Defendant appeals his convictions for six counts of possession of child pornography, one for each of three binders found in Defendant's vehicle and three digital images found on Defendant's laptop computer. He raises two issues on appeal, contending that (1) the six counts of possession violate Defendant's constitutional protections against double jeopardy, and (2) the parole requirements imposed by the trial court create an illegal sentence. For the reasons that follow, we affirm Defendant's convictions but reverse and remand for the limited purpose of correcting the parole requirements imposed by the trial court.

**BACKGROUND**

In August 2005, Defendant was charged with sixty counts of sexual exploitation of children, pursuant to NMSA 1978, Section 30-6A-3(A) (2001) (amended 2007), after police officers seized three binders from Defendant's truck containing pornographic photographs of children. Defendant filed a motion for merger of counts in which he requested that the court determine the proper unit of prosecution for the charges. Defendant argued that the statutory language of Section 30-6A-3(A) indicated that the Legislature intended to create only a single count of possession of child pornography no matter how many individual images or items containing child pornography are possessed; i.e., that Defendant should be charged with only one count of possession, not charged for each binder or for each image in each binder. The trial

2

court denied Defendant's motion but certified the matter for interlocutory appeal, issuing a finding that "the order or decision involves a controlling question of law as to which there is substantial ground for difference of opinion and that immediate appeal from such order or decision may materially advance the ultimate termination of the litigation." This Court accepted Defendant's application for interlocutory appeal. *State v. Olsson*, 2008-NMCA-009, ¶ 1, 143 N.M. 351, 176 P.3d 340.

On interlocutory appeal, we held that the statutory language of 30-6A-3(A) is ambiguous and does not clearly define the unit of prosecution intended for binders of obscene photographs. *Id.* ¶ 9. We were most concerned with what the Legislature intended by the word "possess" and questioned whether the Legislature meant to criminalize the possession of a collection of child pornography or the possession of each individual image within that collection. *Id.* ¶ 8. However, we were not able to complete our analysis of whether Defendant's acts were sufficiently distinct to allow multiple punishments because we did not yet have adequate information to perform such an inquiry. *Id.* ¶ 10. We therefore remanded for further proceedings to develop the factual background of Defendant's conduct and for a determination of whether there was a sufficient showing of distinctness between Defendant's acts to support multiple counts under 30-6A-3(A). *Olsson*, 2008-NMCA-009, ¶ 11. During the time that the case was on interlocutory appeal, Defendant was charged with additional

counts for images obtained from his laptop computer, for a total of 152 counts of possession of child pornography.

Upon remand, Defendant entered a plea agreement in which he pled guilty to six counts of possession of child pornography, one for each binder and one for each of three photographs found on Defendant's laptop. The plea was expressly conditioned on Defendant's ability to appeal the unit of prosecution issue. When asked to outline the factual basis for the plea, the State explained that a search of Defendant's vehicle revealed three binders and a laptop computer, each containing images of children who were nude and/or in prohibited sexual positions. The State indicated that at trial they would have had a computer expert from the FBI and a sexual assault nurse testify that the subjects in the photographs were minors and that the photographs focused on the subjects' genital areas. The defense offered no changes or additions to the State's statement of facts. During the plea hearing, the trial court explained to Defendant the constitutional rights he was waiving by pleading. The court determined that Defendant's guilty plea was knowing, voluntary, and intelligent and found that there was a sufficient factual basis for believing that Defendant committed the crimes charged. This appeal followed.

**DISCUSSION**

**Double Jeopardy**

In *Swafford v. State*, our Supreme Court set forth three separate protections afforded by the prohibition against double jeopardy: (1) protection against a second prosecution for the same offense after acquittal, (2) protection against a second prosecution for the same offense after conviction, and (3) protection against multiple punishments for the same offense. 112 N.M. 3, 7, 810 P.2d 1223, 1227 (1991). For the double jeopardy prohibition against multiple punishments, there are two types of cases: (1) when a defendant is charged with multiple violations of the same statute based on a single course of conduct, referred to as "unit of prosecution" cases; and (2) when a defendant is charged with violations of multiple statutes for the same conduct, referred to as "double description" cases. *State v. DeGraff*, 2006-NMSC-011, ¶ 25, 139 N.M. 211, 131 P.3d 61. It is the first type, "unit of prosecution," that is at issue in this case.

The unit of prosecution analysis is comprised of two steps. First, we review the statutory language for guidance on the unit of prosecution. *State v. Barr*, 1999-NMCA-081, ¶ 13, 127 N.M. 504, 984 P.2d 185. If the statutory language spells out the unit of prosecution, then we follow the language, and the unit of prosecution inquiry is complete. *Id.* ¶ 14. If the language is not clear, then we move to the second step, in which we determine whether the defendant's acts are separated by sufficient "indicia of distinctness" to justify multiple punishments under the same statute. *Id.*

¶ 15. If the defendant's acts are sufficiently distinct, they may be charged separately without running afoul of double jeopardy protections. *See id.* ("With a sufficient showing of distinctness, application of the rule of lenity would not be required."). However, if the acts are not sufficiently distinct, then the rule of lenity mandates an interpretation that the Legislature did not intend multiple punishments and, therefore, the defendant cannot be punished for multiple counts under the same statute. *Id.* ¶ 14.

In *Olsson*, we held that the statutory language of Section 30-6A-3(A) is ambiguous and does not create a clear rule regarding the proper unit of prosecution for possession of child pornography. *Olsson*, 2008-NMCA-009, ¶ 9. We thus determined that this case presented a factual issue requiring additional information to be developed in the trial court before we could determine whether Defendant's acts were sufficiently distinct so that they may be properly charged separately. *Id.* ¶¶ 10-11. Despite both Defendant's and the State's numerous arguments in this appeal that the statutory language indicates the Legislature's intent to punish either a single unitary course of conduct or multiple violations of the same statute, we remain unpersuaded that the statutory language clearly defines the unit of prosecution and thus stand by our previous holding.

The next step in our analysis is to determine whether Defendant's acts are separated by sufficient indicia of distinctness so that they may justify multiple

punishments under Section 30-6A-3(A). *Barr*, 1999-NMCA-081, ¶ 15. It was this step which caused us trouble on interlocutory appeal, and our concerns have not been alleviated. In *Herron v. State*, our Supreme Court developed a number of factors to review when determining if a defendant's acts are sufficiently distinct to warrant multiple charges, including: (1) the temporal proximity of the acts, (2) the location of the victim(s) during each act, (3) the existence of an intervening event, (4) the sequencing of acts, (5) the defendant's intent as evidenced by his conduct and utterances, and (6) the number of victims. 111 N.M. 357, 361, 805 P.2d 624, 628 (1991). While we recognize that the application of these factors is relatively more difficult in the context of a possession of child pornography case, our interlocutory ruling in *Olsson* provides guidance on how the *Herron* factors should be applied to the facts of this case. *Olsson*, 2008-NMCA-009, ¶ 10. We stated, "we do not know, for example, if there are multiple victims, whether the pictures were all acquired from one source or multiple sources, or whether they were acquired all at once or one at a time. These and other facts need to be developed through the trial process." *Id.* (citations omitted).

Defendant states that he waives application of the *Herron* factors as they apply to the three binders in this appeal. Nonetheless, he asks this Court to apply the rule of lenity and determine that each of his six convictions should merge into a single

7

count. Defendant argues that because this Court has determined that the statutory language is ambiguous, we must apply the rule of lenity and determine that all his convictions merge. However, Defendant misconstrues the law by omitting the second step in the unit of prosecution analysis. The rule of lenity is not applied until after an analysis of the *Herron* factors determines that Defendant's acts were not separated by sufficient indicia of distinctness. *See Barr*, 1999-NMCA-081, ¶ 14-15. Defendant admits that no further evidentiary hearings were held after the case was remanded. Thus, because we have insufficient information with which to apply the *Herron* factors, we need not reach the rule of lenity.

Although we recognize that a double jeopardy claim may be raised at any time, either before or after judgment, NMSA 1978, § 30-1-10 (1963), a factual basis must appear in the record in order to support such a claim. *State v. Wood*, 117 N.M. 682, 687, 875 P.2d 1113, 1118 (Ct. App.1994); *see also State v. Sanchez*, 1996-NMCA-089, ¶¶ 10-11, 122 N.M. 280, 923 P.2d 1165 (holding that a defendant who pleads guilty must present an adequate record for this Court to review a double jeopardy claim); *State v. Haddenham*, 110 N.M. 149, 154-55, 793 P.2d 279, 284-85 (Ct. App. 1990) (explaining that issues for which there is no factual basis in the record will not be reviewed); *State v. Romero*, 87 N.M. 279, 280, 532 P.2d 208, 209 (Ct. App. 1975) ("Matters outside the record present no issue for review."). In *Sanchez*, we had the

"opportunity to clarify the kind of factual record necessary to review a double jeopardy claim after a guilty plea and without the benefit of trial." 1996-NMCA-089, ¶ 1. We explained that

> unitary conduct is fact specific; it requires meticulous review of the factual scenario and can rarely be determined on just the face of the indictment. [The d]efendant's double jeopardy claim must be preceded by a careful review of the evidence so that we can first ascertain whether the offenses comprised unitary conduct.
>
> . . . .
>
> We have no way of determining which part of [the d]efendant's conduct, if any, was unitary, and we will not engage in conjecture on appeal for [the d]efendant's benefit.

*Id.* ¶¶ 8, 10 (citations omitted). We held that in double jeopardy cases, the burden is on "the defendant, the party raising the double jeopardy challenge, to provide a sufficient record for the court to determine unitary conduct and complete the remainder of the double jeopardy analysis." *Id.* ¶ 11. Despite his opportunity on remand, Defendant in this case failed to offer any additional facts about the images and accepted the prosecutor's factual basis for the plea. In fact, even after our decision in the interlocutory appeal was issued, defense counsel maintained to the trial court that he believed additional facts were unnecessary to determine the unit of prosecution. Defendant did not develop any additional facts to guide our inquiry or to establish grounds for why the six counts should merge. As we held in *Sanchez,* it

9

is Defendant's burden to provide a record which would allow us to decide his double jeopardy claim. *Id.* Defendant cannot wholly ignore our decision regarding the factual inadequacy of the record and then return on appeal for a different result.

The only way Defendant has attempted to supplement the record since the interlocutory appeal is by adding the three digital images to the record. However, Defendant makes a number of arguments relating to the three digital images for which there is no support in the record. He argues that the three photographs are of the same two children and are either screen shots from a video or photographs taken in quick succession. Defendant also contends that the photographs were created at the same time, in the same place, and by the same person. However, these arguments are unsupported by the record. In fact, Defendant concedes that there were no evidentiary hearings or arguments relating to the three digital images at the trial court and no discussion regarding how the *Herron* factors would apply to the images. The images were merely entered into the record without any additional information, argument, or evidence about either their creation or about when or how Defendant acquired the images. Since there is no factual basis in the record to support a double jeopardy argument, Defendant's argument is rejected. As we held in *Sanchez*, we will not engage in conjecture on appeal for Defendant's behalf for arguments not supported by the record. 1996-NMCA-089, ¶ 10.

Moreover, even if we were to address the merits of Defendant's argument, we would be disinclined to agree that the counts relating to the computer images should be merged. To the contrary, the limited record on the predicate facts indicates that the conduct was not unitary, in that there were three separate and distinct images, two separate victims portrayed in those images, and no evidence regarding how or when the images were obtained. In the absence of any additional information, we are not inclined to merge the counts on this limited record.

**Parole Requirements**

This Court reviews the trial court's sentencing authority de novo as a matter of statutory construction. *State v. Utley*, 2008-NMCA-080, ¶ 4, 144 N.M. 275, 186 P.3d 904. The trial court ordered that "upon completion of the entire sentence aforementioned, [D]efendant will be released under one (1) year[] of parole supervision, as to Count 1; one (1) year[] of parole supervision, as to Count 2; one (1) year[] of parole supervision, as to Count 3; one (1) year[] of parole supervision, as to Count 41; one (1) year[] of parole supervision, as to Count 42[;] and one (1) year[] of parole supervision, as to Count 43, subject to the statutory provisions relating to condition, supervision and return of parolees." Defendant argues that this parole requirement creates an illegal sentence in that it requires more than one year of parole

following the completion of his prison term. The State concedes that such a sentence is improper and that the judgment and sentence should be modified and corrected.

NMSA 1978, Section 31-21-10(C) (2005) (current version at Section 31-21-10(D) (2009)), provides, "An inmate who was convicted of a fourth degree felony and who has served the sentence of imprisonment imposed by the court in an institution designated by the corrections department shall be required to undergo a one-year period of parole." In *Brock v. Sullivan*, our Supreme Court held that when a defendant is sentenced to consecutive terms of imprisonment for fourth degree felonies, the parole period for each offense commences immediately after completion of the period of incarceration for each offense so that the parole period attached to each felony will run concurrently with any subsequent sentence then being served. 105 N.M. 412, 414-15, 733 P.2d 860, 862-63 (1987). Because Defendant's parole period for each offense commences immediately upon the completion of incarceration for each offense, Defendant may only be required to serve one year of parole following the completion of his sentence. This case is therefore remanded for correction of the parole requirements consistent with this opinion.

**CONCLUSION**

For the foregoing reasons, Defendant's convictions are affirmed, and this case is remanded for clarification of the parole requirements consistent with this opinion.

12

**IT IS SO ORDERED.**

_____
**LINDA M. VANZI, Judge**

**WE CONCUR:**

_____
**JONATHAN B. SUTIN, Judge**

_____
**MICHAEL E. VIGIL, Judge**