695 P.2d 834

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Richard V. SMITH, a/k/a Dennis Richard Biehle, Defendant-Appellant.**

**No. 8192.**

Court of Appeals of New Mexico.

Jan. 22, 1985.

Certiorari Denied Feb. 14, 1985.

Paul G. Bardacke, Atty. Gen., Santa Fe, for plaintiff-appellee.

Janet Clow, Chief Public Defender, Kathryn Hormby, Asst. Public Defender, Santa Fe, for defendant-appellant.

## OPINION

ALARID, Judge.

Defendant appeals his conviction of escape from jail, aggravated battery on a

peace officer, aggravated burglary, larceny over $100, and unlawful taking of a motor vehicle. The sole issue raised in the initial docketing statement was whether the trial court erred in denying defendant's motion, made on the day of trial, for a continuance and for substitution of counsel. *See State v. Franklin*, 78 N.M. 127, 428 P.2d 982 (1967). We proposed summary affirmance of that issue because the grant or denial of a continuance is within the discretion of the trial court, and in the absence of an abuse of discretion resulting in prejudice to the defendant, there is no ground for reversal. *State v. Perez*, 95 N.M. 262, 620 P.2d 1287 (1980). Defendant did not show that he was inadequately represented or prejudiced by counsel's representation. *See State v. Orona*, 97 N.M. 232, 638 P.2d 1077 (1982); *State v. Bell*, 90 N.M. 134, 560 P.2d 925 (1977); *State v. McGuinty*, 97 N.M. 360, 639 P.2d 1214 (Ct.App.1982). Defendant's first memorandum in opposition to our summary calendaring did not address this issue and the issue is, therefore, deemed abandoned. *State v. Rael*, 100 N.M. 193, 668 P.2d 309 (Ct.App.1983).

■ Defendant's first memorandum in opposition and first motion to amend the docketing statement raised the issue of whether the trial court imposed an illegal sentence by sentencing defendant to a parole term of seven years to commence after completion of his time of imprisonment. The motion to amend was granted because jurisdictional questions may be raised for the first time on appeal, NMSA 1978, Crim., Child.Ct., Dom.Rel. & W/C App.Rule 308 (Repl.Pamp.1983); *State v. Otto*, 98 N.M. 734, 652 P.2d 756 (Ct.App.1982); *State v. McNeece*, 82 N.M. 345, 481 P.2d 707 (Ct.App.1971), and a trial court has no jurisdiction to impose an illegal sentence, *State v. Crespin*, 96 N.M. 640, 633 P.2d 1238 (Ct.App.1981); *see State v. McNeece*. We proposed summary affirmance as to this issue. Defendant has filed a memorandum in opposition to the proposed summary affirmance and a second motion to amend the docketing statement. Finding defendant's memorandum in opposition unpersuasive, we affirm. In addition, defend-

ant's second motion to amend is denied for the reasons stated below.

## DEFENDANT'S SENTENCE

For a first, second or third degree felony, the required period of parole is two years. NMSA 1978, § 31–21–10 (Cum.Supp.1984). For a fourth degree felony, the required period of parole is one year. *Id.* Pursuant to Section 31–21–10(C), the trial court imposed a seven-year parole term on defendant for his convictions of a second degree felony, a third degree felony, and three fourth-degree felonies. Defendant contends that the meaning of Section 31–21–10(C) is that the parole term attaches to the total sentence imposed by the court and not to each felony for which a sentence is imposed. Defendant contends that he should be required to serve only a two-year period of parole.

■ When any convict has been committed under several convictions with separate sentences, the sentences shall be construed as one continuous sentence for the full length of the combined sentences. NMSA 1978, § 33–2–39 (Repl.Pamp.1983). The trial court has discretion to require sentences to be served consecutively. *State v. Mayberry*, 97 N.M. 760, 643 P.2d 629 (Ct.App.1982); *Deats v. State*, 84 N.M. 405, 503 P.2d 1183 (Ct.App.1972). Section 33–2–39 is general in its effect and was applied in considering eligibility for parole under the predecessor to Section 31–21–10. *Deats v. State; see also State v. Martinez*, 92 N.M. 256, 586 P.2d 1085 (1978).

■ Defendant's contention would require either (1) that the period of parole for each of his first four felonies be served while he was serving the basic sentence for the next felony, (2) that a period of parole not be imposed for four of his felonies, or (3) that a maximum two-year period of parole be imposed whenever a defendant is sentenced on more than one felony count. Parole terms must be served after completion of the time of imprisonment. NMSA 1978, Section 31–18–15(C) (Repl.Pamp. 1981); *see State v. Freeman*, 95 N.M. 127,

619 P.2d 572 (Ct.App.1980). Therefore, the first alternative suggested above could not be implemented. Alternative two violates the requirement that the trial judge *shall* include the period of parole as part of the sentence in addition to the basic sentence. NMSA 1978, Section 31–18–15(C) (Repl. Pamp.1981); *see State v. Johnson,* 94 N.M. 636, 614 P.2d 1085 (Ct.App.1980). There is no statutory authority for the third alternative. However, the legislature has enacted Section 31–21–10, which we construe herein. Because the trial judge may impose consecutive sentences and because Section 33–2–39 applied to eligibility for parole, under the predecessor to Section 31–21–10, we hold that the trial court did not err in imposing a seven-year parole term pursuant to the current Section 31–21–10(C).

**THE MOTION TO AMEND**

A motion to amend will be considered timely when filed prior to the expiration of the time for filing a memorandum in opposition in cases assigned to the summary calendar. *State v. Rael.* However, *State v. Rael* does not appear to contemplate that a defendant may file multiple motions to amend the docketing statement. We believe that defendant's second motion to amend (filed December 27, 1984) was untimely filed because the time to file a memorandum in opposition to the initially proposed summary calendar expired on Monday, December 10, 1984. NMSA 1978, Crim., Child.Ct., Dom.Rel. & W/C App.R. 207(d)(3) (Repl.Pamp.1983). Even if defendant's second motion to amend is timely, it must be denied pursuant to the principles set out in *State v. Rael.* Defendant seeks to raise an issue relating to his right to confront and cross-examine witnesses, and the admissibility of hearsay. The issue apparently arises because statements made by co-defendants being held in Kansas were admitted through the testimony of a sheriff who had spoken to the co-defendants by telephone. Defendant states that he does not know whether this issue was properly preserved below. *See* App.R. 308. Such an issue is not jurisdictional. *State v. Baca,* 81 N.M. 686, 472 P.2d 651 (Ct.App.

1970). Defendant does not contend that the admission of the sheriff's testimony constituted fundamental error. *See* App.R. 308; *State v. Rogers,* 80 N.M. 230, 453 P.2d 593 (Ct.App.1969). Defendant's motion to amend is deficient in that it does not contain all facts material to the issue. *See State v. Rael.* For example, the motion does not contain sufficient facts from which we may determine whether the testimony complained of was admissible pursuant to NMSA 1978, Evid.Rules 803 or 804 (Repl.Pamp.1983). Absent fundamental error or jurisdictional issues, the motion to amend to add this issue should be denied. *State v. Rael.* Defendant also seeks to raise the issue of the sufficiency of the evidence linking him to the aggravated burglary, the larceny and the unlawful taking of a motor vehicle. He states that the only evidence presented as to these charges was the sheriff's testimony regarding statements made by the co-defendants. Defendant does not contend that the evidence was insufficient if such testimony was admissible. Because we hold that defendant may not raise the confrontation and hearsay issue on appeal, there is no issue as to the sufficiency of the evidence. In addition, the motion to amend is deficient with respect to this issue in that it does not contain all facts material to the issue. *See State v. Rael.*

The motion to amend is therefore denied. The trial court's judgment and sentence is affirmed.

IT IS SO ORDERED.

DONNELLY, C.J., and NEAL, J., concur.