733 P.2d 860

**Ronald Marvin BROCK, Petitioner,**

v.

**George E. SULLIVAN, Warden, Penitentiary of New Mexico, Respondent.**

**No. 16679.**

Supreme Court of New Mexico.

Feb. 25, 1987.

Jan Unna, Santa Fe, for petitioner.

Timothy W. Cornish, Asst. Atty. Gen., Santa Fe, for respondent.

## OPINION

WALTERS, Justice.

On March 31, 1983, the trial court sentenced petitioner Ronald Brock after conviction of four fourth-degree felony offenses to a period of eighteen months for each offense, to be served consecutively. After deduction for presentence confinement and good-time credits earned since March 31, 1983, Brock is now eligible for release.

Brock, although eligible for release, is still incarcerated because of his refusal to accept the Parole Board's interpretation of the trial court's order of Judgment and Sentence. *See* NMSA 1978, Section 31–21–10(D) (Repl.Pamp.1986).

The Judgment and Sentence frames the parole portion of the sentence upon each count as follows: "IT IS FURTHER ORDERED that the Defendant be placed on mandatory parole for a period of one year after the service of the actual period of imprisonment for a total of two and one half [sic] years imprisonment and mandatory parole."

The Parole Board separated each parole period from the underlying sentence and period of imprisonment imposed thereon and, in effect, tolled commencement of the parole periods until the sentence on the last consecutive offense was served. As a consequence, the Parole Board is requiring Brock to serve four consecutive, one-year

periods of parole following his period of incarceration, as a condition of release.

Pursuant to NMSA 1978, Crim.P.R. 57 (Repl.Pamp.1985) and N.M. Const. art. VI, Section 3, Brock seeks relief from the trial court's dismissal of his Rule 57 petition.

We agree with Brock's contention, that "stacking"[1] of multiple parole periods after the final sentence of a consecutive sentence is not what the legislature intended when it enacted the New Mexico Criminal Sentencing Act. NMSA 1978, §§ 31–18–12 to –21 (Repl.Pamp.1981 and Cum.Supp. 1986).

We are not unmindful of *State v. Smith,* 102 N.M. 350, 695 P.2d 834 (Ct.App.), *cert. denied,* 102 N.M. 492, 697 P.2d 492 (1985); however, we disagree that NMSA 1978, Section 31–18–15(C) (Repl.Pamp.1981), requires the aggregate, consecutive sentences to be completed prior to the commencement of the parole period for each basic sentence.

In construing a statute, we must consider what the legislature is seeking to accomplish, and give effect to legislative intent, *Board of Education v. Jennings,* 102 N.M. 762, 701 P.2d 361 (1985); additionally, we must resolve any doubt concerning the construction of a sentencing statute in favor of the "rule of lenity." *Bell v. United States,* 349 U.S. 81, 75 S.Ct. 620, 99 L.Ed. 905 (1955); *State v. Keith,* 102 N.M. 462, 697 P.2d 145 (Ct.App.), *cert. denied,* 102 N.M. 492, 697 P.2d 492 (1985); *Cawley v. Arizona Board of Pardons and Paroles,* 145 Ariz. 387, 701 P.2d 1195 (Ct.App.1984), *modified on other grounds,* 145 Ariz. 380, 701 P.2d 1188 (1985) (the "rule of lenity" does not allow the tolling of parole time when an offender is paroled to the Department of Corrections to serve a consecutive sentence.)

The legislature has explicitly provided that "[t]he period of parole shall be *deemed to be part of the sentence* of the convicted person * * * *" NMSA 1978, § 31–18– 15(C) (Repl.Pamp.1981) (emphasis added).

In the absence of some fault on the part of the prisoner, a sentence cannot be divided into fragments so as to compel the prisoner to serve the sentence in installments. 24B C.J.S. *Criminal Law* § 1995(1)(1962); *Shields v. Beto,* 370 F.2d 1003 (5th Cir.1967), *State v. Valrand,* 103 N.H. 518, 176 A.2d 189 (1961).

Because the legislature has deemed the parole period to be part of the sentence of a convicted person, NMSA 1978, Section 31–18–15(C), a separation of each parole period from its connected period of imprisonment necessarily requires that the sentence be fragmented and served in installments. *Cf. Shields v. Beto.* We are not persuaded that the legislature intended such a result when it enacted the Criminal Sentencing Act, NMSA 1978, Sections 31– 18–12 to –21; in addition, to hold otherwise would be violative of the "rule of lenity." *State v. Keith.*

Our construction in this respect is buttressed by the manifestation of legislative intent in NMSA 1978, Section 31–21–11 (Cum.Supp.1986). In pertinent part that section provides that "[p]risoners who are otherwise eligible for parole may be paroled * * * to serve another sentence within the penitentiary * * * *" Section 31–21– 11 is clear evidence that the legislature contemplated simultaneous service of parole with a subsequent sentence, and gave direction for handling such a situation as this case poses.

We therefore hold that the New Mexico Criminal Sentencing Act, NMSA 1978, Sections 31–18–12 to –21, requires that in the case of consecutive sentencing, the parole period of each offense commences immediately after the period of imprisonment for that offense, and such parole time will run concurrently with the

---

**1.** "Stacking" parole periods means: The cumulation of multiple parole of each consecutive sentence of imprisonment imposed in multiple-offense cases resulting in a compounded parole period which is executed after the total term of imprisonment on all of the sentences has been served.

running of any subsequent basic sentence then being served.

Accordingly, the decision of the trial court is reversed and the case remanded for proceedings consistent with this opinion.

IT IS SO ORDERED.

SCARBOROUGH, C.J., SOSA, C.J., and RANSOM, J., concur.

STOWERS, J., dissents.

STOWERS, Justice, dissenting.

I cannot concur with the reasoning or the result of the majority opinion. In searching for the legislative intent embodied by our sentencing and parole statutes, the majority fail to address several statutory provisions that support the Parole Board's interpretation of petitioner Brock's judgment and sentence. In doing so, the majority disagree with the Court of Appeals' analysis of a similar sentencing question without expressly overruling its decision in *State v. Smith*, 102 N.M. 350, 695 P.2d 834 (Ct.App. 1985), *cert. denied*, Feb. 14, 1985. Finally, the majority incorrectly read as mandatory the permissive language of NMSA 1978, Section 31–21–11 (Cum.Supp.1986).

Assuming that our sentencing and parole statutes are ambiguous, I do not believe that they support the majority's interpretation. Even if Brock may have become eligible for in-house parole under Section 31–21–11 at the completion of his actual time of imprisonment for the first of his consecutive sentences, the record is devoid of evidence regarding whether he sought such parole at that time and whether the Parole Board denied it. Therefore, I find no reason in law or in fact to reverse the decision of the trial court, and I must dissent from the majority's opinion.

The majority's conclusion that the Legislature did not intend for periods of parole imposed upon a prisoner as part of consecutive sentences for several convictions to be cumulated and served after his cumulated basic sentences of imprisonment have been served is based primarily on a single phrase of one of our sentencing statutes.

NMSA 1978, Subsection 31–18–15(C) (Repl. Pamp.1981) provides in part that "[t]he period of parole shall be deemed to be a part of the sentence of the convicted person." The majority opinion chooses to ignore the rest of Subsection 31–18–15(C), which clearly expresses the Legislature's intention that the period of parole is "to be served * after the completion of any actual time of imprisonment."

More inexplicably, the majority opinion chooses to ignore our only statute that expresses the Legislature's intention regarding multiple sentences. NMSA 1978, Section 33–2–39 (Repl.Pamp.1983) provides that "[w]henever any convict shall have been committed under several convictions with several sentences, they shall be construed as one continuous sentence for the full length of all sentences combined." In *State v. Smith*, the Court of Appeals sought to give effect to this statute as well as those cited by the majority here, and held that one must: consider the parole period to be an immutable part of each sentence; construe consecutive sentences as one continuous sentence; cumulate the basic sentences of imprisonment separately from the periods of parole; require service of the cumulated basic sentences of imprisonment; and then, after any time of actual imprisonment has been served, require service of the cumulated periods of parole. *See State v. Smith*, 102 N.M. at 353, 695 P.2d at 837. In addition, the Court of Appeals expressly rejected the contention, adopted by the majority here, that the period of parole for each felony conviction must be served while the prisoner is serving the basic sentence for his conviction.

The Parole Board construed Brock's consecutive sentences in accordance with the rule of *State v. Smith*. The majority's reversal of the Parole Board's interpretation without overruling that decision is, I believe, not correct. Furthermore, I believe that the majority's decision is inconsistent with the Legislature's intention that consecutive sentences be construed as one consecutive sentence and that parole be served after imprisonment.

Finally, I believe that the majority's decision is inconsistent with the legislative intent expressed by our in-house parole statute. Section 31–21–11 provides that "[p]risoners who are otherwise eligible for parole *may* be paroled to detainers to serve another sentence within the penitentiary." (Emphasis added). The majority opinion in effect reads as mandatory the clearly permissive language used by the Legislature. The rule of lenity notwithstanding, penal statutes should not be subjected to any strained or unnatural construction in order to work exemptions from their penalties. *See Ex parte DeVore*, 18 N.M. 246, 254, 136 P. 47, 49 (1913); *see also State v. Gilman*, 97 N.M. 67, 68, 636 P.2d 886, 887 (Ct.App.), *cert. denied*, 97 N.M. 483, 641 P.2d 514 (1981).

I therefore cannot agree with the majority's decision to award Brock in-house parole for periods of time already served. Under Section 31–21–11, the Legislature vested the Parole Board with the discretion to award such parole or not. *Cf.* NMSA 1978, § 31–21–11 (Cum.Supp.1986) (powers of the Parole Board). Even if Brock became eligible for in-house parole after he had served the basic sentence of imprisonment for his first consecutive sentence, there is no evidence in the record showing that he sought such parole at that time or the Parole Board denied it to him. I do not believe that he is entitled now to the relief granted by the majority.

For the foregoing reasons, I respectfully dissent.