760 P.2d 147 (1988)
107 N.M. 445
Charles GILLESPIE, Petitioner,
v.
STATE of New Mexico, Respondent.
No. 17675.
Supreme Court of New Mexico.
August 24, 1988.
Charles Gillespie, Las Cruces, pro se.
Hal Stratton, Atty. Gen., Sharon D. Walton, Asst. Atty. Gen., Santa Fe, for respondent.

OPINION
WALTERS, Justice.
We granted certiorari to the district court, pursuant to SCRA 1986, 12-501, to review the district court's denial of a motion to correct or modify the petitioner's sentence. The petitioner, convicted of a fourth degree felony and a misdemeanor, was sentenced consecutively to eighteen months' imprisonment for the felony and 364 days for the misdemeanor. The trial court also imposed a one-year parole period to be served upon "completion of said prison terms." The petitioner complains that the trial court erred in requiring him to serve his parole period after the completion of the entire sentence, eighteen months and 364 days, instead of allowing him to begin his parole after the term for the felony had expired and concurrently with the term for the misdemeanor.
The State interprets NMSA 1978, § 31-18-15(C) (Repl.Pamp. 1987) to prescribe a period of parole after the "actual time of imprisonment" imposed to include any non-felony imprisonment period which may be part of an aggregate sentence. NMSA 1978, Section 31-21-10(C) (Repl. Pamp. 1987), which refers to the parole provisions for a singular offense, offers some elucidation: "An inmate who was convicted of a fourth degree felony and who has served the sentence of imprisonment imposed by the court * * * shall be required to undergo a one-year period of parole." (Emphasis added). There is no statutory provision imposing parole after service of a misdemeanor conviction. We are persuaded *148 that Section 31-21-10(C) requires commencement of the parole period as soon as the felony sentence has been completed.
This conclusion is supported by our decision in Brock v. Sullivan, 105 N.M. 412, 733 P.2d 860 (1987). In interpreting Section 31-18-15(C), we declared in Brock that when a defendant is sentenced to consecutive terms of imprisonment for fourth degree felonies, the parole period for each offense commences immediately after the completion of the period of incarceration for each offense so that the parole period attached to each felony will run concurrently with any subsequent sentence then being served. Id. at 414, 733 P.2d at 862.
In response to petitioner's request for modification of the language of the judgment and sentence, the State cites State v. Smith, 102 N.M. 350, 695 P.2d 834 (Ct. App.), cert. denied, 102 N.M. 492, 697 P.2d 492 (1985), to urge that parole should be served after completion of the entire term of imprisonment.
To the extent that State v. Smith is inconsistent with our more recent decision in Brock and the analysis in this opinion, we overrule it. The trial court is reversed, and we order that the one-year period of parole commence immediately upon the expiration of the term of imprisonment for the felony conviction.
The judgment shall be vacated and a new judgment entered accordingly.
SCARBOROUGH, C.J., SOSA, Senior J., and RANSOM, J., concur.
STOWERS, J., dissents.
STOWERS, Justice, Dissenting.
For basically the same reasons I dissented in Brock v. Sullivan, 105 N.M. 412, 415-16, 733 P.2d 860, 863-64 (1987) (Stowers, J., dissenting), I must dissent in this case. I incorporate the reasoning of my dissent in that case herein. Again, I cannot agree with the majority opinion's reasoning or result. I believe State v. Smith, 102 N.M. 350, 695 P.2d 834 (Ct.App. 1985), cert. denied, February 14, 1985, is the correct law and should be applied to the instant case.
Defendant, upon conviction, was sentenced by the trial court to the corrections department for a term of eighteen months on count one, aggravated assault, a fourth degree felony, and to 364 days on count two, possession of a firearm by a felon, a misdemeanor at that time. These sentences were to run consecutively. The court further stated: "Upon completion of said prison term, the defendant shall be released under mandatory parole supervision for a period of one (1) year * * *."
As we stated correctly in State v. Smith, consecutive sentences are one continuous sentence for the full length of the combined sentences. Thus, Gillespie's period of parole commences "after the completion of any actual time of imprisonment," including the non-felony imprisonment period which is a part of his one continous sentence. State v. Smith, 102 N.M. at 352, 695 P.2d at 836.
I would, therefore, affirm the trial court's order denying defendant's Motion to Correct or Modify Sentence.