894 P.2d 411

**STATE of New Mexico, Plaintiff–Appellee,**

v.

**David MUNIZ, Defendant–Appellant.**

**No. 15735.**

Court of Appeals of New Mexico.

Feb. 27, 1995.

Tom Udall, Atty. Gen. and Bill Primm, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

Sammy J. Quintana, Chief Public Defender and David Henderson, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

## OPINION

FLORES, Judge.

Defendant appeals the revocation of his probation. He contends that his probationary term had expired before the proceedings to revoke his probation were initiated. We agree and reverse.

Defendant was sentenced pursuant to a guilty plea to a sentence of incarceration, of which all but one year was suspended. Following the one year incarceration, Defendant was placed on probation for two years "to run CONSECUTIVE to Two year parole period."

Defendant was released to parole status on February 25, 1991. In September 1992, Defendant's parole was revoked. In October 1992, the State moved to revoke probation.

Defendant admitted the parole and probation violations and agreed to enter a one-year residential drug treatment program in Arizona. In order to allow Defendant's enrollment into the program, the revocation of parole was rescinded. Defendant was reinstated to probation with the additional condition that he enroll in the treatment program in Arizona. In February 1994, the State moved once again to revoke Defendant's probation.

At a hearing on the motion to revoke, Defendant argued that his probationary term had already expired. He made this argument relying on NMSA 1978, Section 31–20–5(B) (Repl.Pamp.1994), which states that "[i]f a defendant is required to serve a period of probation subsequent to a period of incarceration: (1) the period of probation shall be served subsequent to any required period of parole with the time served on parole credited as time served on the period of probation...." Therefore, he argued that when his parole was revoked in 1992, he was entitled to nineteen months' credit against his probation; that only five months remained to be served on his probation; that that time was served in Arizona; and that at the time the State moved to revoke in January 1994, his period of probation had expired and the State could not move to revoke.

The State argued that this statute did not apply in this case, since the judgment and sentence clearly stated that the period of probation was to run consecutive to the parole term. The State argued, and the trial court agreed, that this statutory section was a default provision and was applicable only in those cases where the judgment and sentence was not specific as to how or when the probation term was to be served. The trial court revoked Defendant's probation and ordered him to serve the remainder of his probation period until February 1995 in the penitentiary.

We believe the trial court erred in determining that Section 31–20–5(B) is a default provision and does not control here. There is nothing in the statutory language suggesting that it is a default provision. Nor do we believe that statutory interpretation supports

the State's argument. "When a statute contains language which is clear and unambiguous, we must give effect to that language and refrain from further statutory interpretation." *State v. Jonathan M.*, 109 N.M. 789, 790, 791 P.2d 64, 65 (1990). Only when there exists a substantial doubt as to the meaning of the statutory language, or when the literal language of a statute leads to an absurd result, should a court depart from the plain meaning rule. *State v. Gutierrez*, 115 N.M. 551, 552, 854 P.2d 878, 879 (Ct.App.), *cert. denied*, 115 N.M. 545, 854 P.2d 872 (1993).

Here, the statute plainly states that if a defendant is to serve a period of probation subsequent to a period of incarceration, the period of probation must be served after the parole term with the time served on parole being credited to the period of probation. Section 31–20–5(B). We do not believe that this language is ambiguous. Nor do we believe that this leads to an absurd result. The reason for placing a defendant on probation when a portion of the sentence of incarceration has been suspended or deferred is to allow for supervision of the defendant by the Department of Corrections. *See* NMSA 1978, § 31–20–5(A) (Repl.Pamp.1994). Since a defendant on parole is likewise under that supervision, it makes sense to allow credit to be given for the time served on parole.

Further, we believe that a plain construction of this statute is supported by viewing the entire statutory scheme for sentencing. Subsection B of Section 31–20–5 is meant to deal with those cases where a defendant has a sentence partially suspended or deferred, but must serve a portion of the sentence in incarceration. When a defendant is incarcerated, he must serve a term of parole. NMSA 1978, §§ 31–18–15(C) & (D), –21–10(C) (Repl. Pamp.1994). Therefore, after the defendant has been released from incarceration pursuant to a partially suspended sentence, both parole and probation must be served. Subsection B addresses how that is to be done. The manner in which both parole and probation are to be served is clearly set out in the statute: parole first and then probation, with the parole time being credited toward the probation time. Section 31–20–5(B).

We believe that this statute, and our plain reading of it, comports with previous interpretations of the New Mexico Sentencing Act. Our Supreme Court has previously interpreted the sentencing statutes to require that in a case of consecutive sentencing, the parole period of each offense commences immediately after the period of imprisonment for that offense, so that the parole period is running concurrently with the running of any subsequent basic sentence being served. *Gillespie v. State*, 107 N.M. 455, 456, 760 P.2d 147, 148 (1988); *Brock v. Sullivan*, 105 N.M. 412, 414–15, 733 P.2d 860, 862–63 (1987). Although the reasoning behind these cases is based on the fact that parole is part of the sentence of imprisonment, the resulting reduction of parole time from concurrent service of another basic sentence is similar to the result in this case.

We believe that the legislature clearly intended that the parole time served prior to a period of probation would be credited in all cases. There is nothing in the statute indicating that it is to be applied only in those cases where the sentencing order is not specific in ordering that probation be served after the term of incarceration. Furthermore, we know of nothing that allows the trial court to ignore the mandate of the legislature in crafting a sentence.

Whenever the trial court wants a defendant to spend more time under the supervision of the Department of Corrections, then it can place such defendant on probation for a longer period of time. *See State v. Encinias*, 104 N.M. 740, 742–43, 726 P.2d 1174, 1176–77 (Ct.App.), *certs. quashed*, 104 N.M. 632, 725 P.2d 832 (1986). We do not believe that the trial court has the authority to order that a probation period be served consecutively to a parole period without the credit that is awarded by statute. *See id.* at 743, 726 P.2d at 1177 (where statute requires all time served on probation to be credited, trial court has no authority to defer credit and thus effectively deny it); *see also State v. Dominguez*, 115 N.M. 445, 456, 853 P.2d 147, 158 (Ct.App.) ("[T]rial court's authority to sentence is only that which has been provided by statute."), *cert. denied*, 115 N.M. 409, 852 P.2d 682 (1993).

The State's arguments that the "new" probation of October 1992 did not require crediting of the parole term are unpersuasive. The "new" probation simply added another condition as is allowed by statute. *See* NMSA 1978, § 31–21–15(B) (Repl. Pamp.1994). It was still a probation being served after incarceration and the time served on parole must still be credited. Further, in setting out a "new" probation, the trial court may not extend the length of time to be served. *See State v. Charlton,* 115 N.M. 35, 38, 846 P.2d 341, 344 (Ct.App.1992), *cert. denied,* 114 N.M. 577, 844 P.2d 827 (1993). Therefore, the attempt to extend Defendant's probation to February 1995 was invalid.

Under the plain meaning of the statute, the term of parole served by Defendant should have been credited to the two-year probation term that he was to serve after the incarceration. Therefore, Defendant's term of probation had expired before the State moved to revoke it in January 1994. Based on the foregoing, we reverse and remand for release of Defendant.

**IT IS SO ORDERED.**

ALARID and PICKARD, JJ., concur.