This memorandum opinion was not selected for publication in the New Mexico Reports.  Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                             NO.   29,483

**JERRY JIM,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Carl J. Butkus, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Adrianne R. Turner, Assistant Public Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**VIGIL, Judge.**

We withdraw the opinion filed in this case on September 4, 2009, and substitute the following in its place. The motion for rehearing is denied. Defendant appeals from the district court order dismissing the case against him without prejudice, following Defendant's motion to dismiss pursuant to Rule 5-604 NMRA. In his docketing statement, Defendant challenged the constitutionality of the district court's application of the amended version of Rule 5-604 (amended November 24, 2008) to his case, which was already pending at the time of the amendment. This Court issued a calendar notice proposing to affirm the district court order. Defendant has filed a memorandum in opposition and a motion to amend his docketing statement, which we have duly considered. We deny Defendant's motion to amend and affirm.

**DISCUSSION**

**Application of the Amended Version of Rule 5-604 Is Not Prohibited by *Marquez v. Wylie***

Defendant continues to argue that *Marquez v. Wylie*, 78 N.M. 544, 434 P.2d 69 (1967), prevents the application of the amended version of Rule 5-604 to his pending criminal prosecution. As this Court pointed out it in its calendar notice, our Supreme Court's order amending Rule 5-604, N.M. Sup. Ct. Order No. 08-8300-052, clearly specifies that it "shall be effective immediately *for all pending*

2

*cases*." (emphasis added). We further noted that the Supreme Court's order reflected consideration of the very issue raised by Defendant, as it provided that the amended rule is applicable to pending cases "*Marquez v. Wylie*, [78] N.M. 544, 434 P.2d 69 (1967), notwithstanding." This Court therefore proposed to conclude in our calendar notice that the Supreme Court had already resolved the issue and that we were bound by its decision. *See State ex rel. Martinez v. City of Las Vegas*, 2004-NMSC-009, ¶¶ 20, 22, 135 N.M. 375, 89 P.3d 47 (stating that this Court remains bound by Supreme Court precedent). Defendant has offered no new legal argument with respect to the application of *Marquez* in his memorandum in opposition. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). We therefore rely on the reasoning set out in our calendar notice and affirm.

**Defendant's Motion to Amend the Docketing Statement**

In his memorandum in opposition, Defendant has attempted to raise a new argument pursuant to a motion to amend his docketing statement. Specifically, Defendant contends that the district court's dismissal without prejudice was error where the Supreme Court had denied the State's petition for an extension of time.

[MIO 5-6]  In support of his argument, Defendant relies on *Duran v. Eichwald*, 2009-NMSC-030, 146 N.M. 341, 210 P.3d 238—the Supreme Court case which called for the amendment to the rule—which states, " Of course, if the trial of the case is not commenced on or before the deadline allowed by this Court, the matter *shall be dismissed with prejudice*." *Id.* ¶ 15 (emphasis added).  Defendant argues that, similarly, where our Supreme Court has denied a further extension of time, the district court does not have the authority to allow the State any additional opportunity to try the case by dismissing the charges without prejudice.  [MIO 6]

The essential requirements to show good cause for our allowance of an amendment to an appellant's docketing statement are: (1) that the motion be timely, (2) that the new issue sought to be raised was either (a) properly preserved below or (b) allowed to be raised for the first time on appeal, and (3) the issues raised are viable.  *See State v. Moore*, 109 N.M. 119, 129, 782 P.2d 91, 101 (Ct. App. 1989), *overruled on other grounds by State v. Salgado*, 112 N.M. 537, 817 P.2d 730 (Ct. App. 1991).  While we note that Defendant has raised a potentially viable issue, *see Moore*, 109 N.M. at 129, 782 P.2d at 101 (defining "viable" as an argument that is colorable, or arguable, versus arguments that are devoid of any merit), we point out that Defendant has not indicated how this argument was properly preserved below or why Defendant is permitted to raise the issue for the

4

first time on appeal. *See State v. Smith*, 102 N.M. 350, 353, 695 P.2d 834, 837 (Ct. App. 1985) (denying the defendant's motion to amend for failure to state all facts material to consideration of the issue and failure to demonstrate how the issue was preserved), *overruled on other grounds by Gillespie v. State*, 107 N.M. 455, 760 P.2d 147 (1988). Nor is it evident from the record that Defendant raised this issue below. We therefore deny Defendant's motion to amend his docketing statement.

**CONCLUSION**

For the reasons stated above and in this Court's notice of proposed disposition, we affirm the district court's dismissal of Defendant's case without prejudice. We further deny Defendant's motion to amend his docketing statement.

**IT IS SO ORDERED.**

_____
**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**CELIA FOY CASTILLO, Judge**

5