This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

v.                                                                          **NO. 29,328**

**PETER ANTHONLY EPISCOPO,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Douglas Driggers, District Judge**

Gary K. King, Attorney General
Anita Carlson, Assistant Attorney General
Santa Fe, NM

for Appellant

Hugh Dangler, Chief Public Defender
Eleanor Brogan, Assistant Appellate Defender
Santa Fe, NM

for Appellee

**MEMORANDUM OPINION**

**VIGIL, Judge.**

The State appeals from the district court's denial of its petition for an extension

of time pursuant to Rule 5-604 NMRA[1] and dismissal of the charges against Defendant. This Court has issued two proposed dispositions in this matter, and both parties have had the opportunity to respond. Having given due consideration to the parties' arguments, we hereby affirm. To the extent the State has raised new issues in its memorandum in opposition, we treat the inclusion of these new arguments as a motion to amend the docketing statement, and we deny the motion.

**DISCUSSION**

In this Court's first calendar notice, we proposed summary reversal on the basis that, due to the delay in Defendant being appointed a public defender and the State's resulting inability to negotiate a plea, and due to the purported failure of the district court to set the matter for trial, the State had demonstrated good cause for an extension of time. Defendant filed a memorandum in opposition to this Court's proposed ruling, in which Defendant asserted that delays associated with plea negotiations did not provide good cause to support an extension of time. [Def.'s MIO 7-8 (citing *State v. Maddox*, 2008-NMSC-062, ¶ 26, 145 N.M. 242, 195 P.3d 1254 (stating that "the State is not excused in its burden to timely try a defendant while waiting for defense counsel

---

[1]All references to Rule 5-604 herein refer to the rule as amended by the Supreme Court's Order No. 08-8300-052 entered on November 24, 2008. This Court does not rely on any subsequent amendments to Rule 5-604 for the purpose of this opinion.

to respond to a plea offer . . . . The State must affirmatively seek to move the case to trial, even while plea negotiations are pending"); *State v.Yates,* 2008-NMCA-129, ¶ 8, n.8, 144 N.M. 859, 192 P.3d 1236, *cert. granted*, *State v. Saavedra*, 2008-NMCERT-009, 145 N.M. 258, 196 P.3d 489 ("Since plea negotiations are a routine part of modern criminal procedure, a six-month period presumably was chosen by our Supreme Court because it allows the State an adequate amount of time both to engage in plea negotiations and to prepare for trial."). Defendant also disputed the State's assertion that the district court has a policy in which it takes it upon itself to set a trial date and discourages requests for a trial setting from the parties, and that the district court failed to set a trial date in a timely fashion in this case. [Def.'s MIO 4-5] We found Defendant's arguments persuasive, including Defendant's reliance on *Yates*, and issued a second calendar notice proposing to affirm. The State has filed a memorandum in opposition to this Court's second calendar notice, arguing that Defendant's delay in getting an attorney constituted good cause for an extension of time, and reasserting its claim that the delay in getting a trial setting in district court was due to the district court policy articulated above. The State also raises new arguments contending that the six-month period should have restarted upon Defendant's arraignment in district court and that the district court erred in

3

"automatically" dismissing the charges against Defendant without considering lesser sanctions. We address these arguments below.

**The State Did Not Demonstrate Good Cause**

In its memorandum in opposition, the State attempts to distinguish the cases relied on by this Court in its second notice of proposed disposition, including *Yates*, to argue that Defendant's case presented challenges that did not permit the State to bring the case to trial within six-months. Specifically, the State argues that the delay caused by the appointment of defense counsel and the failure of the district court to promptly set a trial date bring this case outside the scope of *Yates*. We disagree.

*Yates* reinforces our previous cases asserting that the burden is on the State to monitor criminal cases and ensure that trial commences prior to the running of the six-month rule. *See* 2008-NMCA-129, ¶ 8 (stating that "the State could monitor misdemeanor DWI cases filed in magistrate court to insure that they are dismissed and refiled in district court with sufficient time remaining for the district court to dispose of the case within six months of the triggering event in magistrate court"); *id.* ¶ 13 ("A six-month rule means six months, not six months plus some additional period to be determined on a case-by-case basis."); *see also State v. Granado*, 2007-NMCA-058, ¶ 14, 141 N.M. 575, 158 P.3d 1018 ("The State has the burden of bringing a defendant to trial within the time required by the rule."). Furthermore, *Yates* cautions

4

against allowing the restarting of the rule when the reason asserted for doing so is largely one of the State's own making. *See* 2008-NMCA-129, ¶¶ 8, 11.

Here, the State contends that the delay in appointing defense counsel was a result of Defendant's inaction. However, the State was aware that over three months had passed and only two-and-a-half months remained when it chose to dismiss the charges in magistrate court and refile in district court after Defendant refused the State's plea offer. Thus, the State was aware that it only had two-and-a-half months to bring Defendant to trial in district court, as it had expressed no reason that would permit the rule to restart, and still chose to dismiss the magistrate proceedings. *See id.* ¶¶ 1, 5 (holding that when prosecutors file a criminal complaint in magistrate court, "knowing and intending that if the [d]efendant exercise[d] his right to a trial, the complaint [would] be dismissed and refiled in district court," the "refiled charges . . . are presumptively a continuation of the original magistrate court prosecutions for purposes of the six-month rule"). The State does not appear to have argued below, and does not argue before this Court, that the delay in Defendant's appointment of counsel would have hindered its ability to bring Defendant to trial within the six-month period in magistrate court. Thus, the State has not demonstrated that the need for extension was not a result of its decision to dismiss the charges in magistrate court and refile in district court. Consequently, it would undermine our holding in *Yates*,

where the State has not demonstrated good cause under *Yates* to restart the rule, to allow for extensions of time where the State has not demonstrated that the need for an extension did not arise from the dismissal of the magistrate proceedings and refiling of charges in district court. We see no difference between the relief requested by the State—the granting of a six-month extension—and the restarting of the rule to provide another six-month period. Thus, we propose to affirm the district court's denial of the State's motion, as the State has not demonstrated that this case does not fall within the purview of *Yates.*

To the extent the State argues that the six-month rule anticipates that extensions will be granted and the six-month period extended, we do not disagree. However, *Yates* aids us in determining whether good cause exists for the granting of an extension pursuant to Rule 5-604, and based on this Court's reading of *Yates*, we conclude that good cause does not exist under the circumstances of this case.

**Motion to Amend the Docketing Statement**

To the extent the State raises additional arguments in support of reversal in its memorandum in opposition, we treat these arguments as a motion to amend the docketing statement. The essential requirements to show good cause for our allowance of an amendment to an appellant's docketing statement are: (1) that the motion be timely, (2) that the new issue sought to be raised was either (a) properly

6

preserved below or (b) allowed to be raised for the first time on appeal, and (3) the issues raised are viable. *See State v. Moore*, 109 N.M. 119, 129, 782 P.2d 91, 101 (Ct. App. 1989), *overruled on other grounds by State v. Salgado*, 112 N.M. 537, 817 P.2d 730 (Ct. App. 1991). Here, the State has raised two new issues: (1) that *Yates* was incorrectly decided and the State was therefore entitled to a new six-month period commencing with Defendant's arraignment in district court, and (2) that the district court erred in entering an "automatic" dismissal of Defendant's charges due to a recent amendment to Rule 5-604 granting the district court the discretion to impose lesser sanctions. Having considered these issues within the context of our standard for allowing amendments to the docketing statement, we deny the State's motion to amend.

To the extent the State contends that *Yates* was incorrectly decided and that in accordance with cases prior to *Yates* the State was entitled to a new six-month period commencing with Defendant's arraignment in district court, the State has not indicated how or where this issue was raised below. *See State v. Smith*, 102 N.M. 350, 353, 695 P.2d 834, 837 (Ct. App. 1985) (denying the defendant's motion to amend for failure to state all facts material to consideration of the issue and failure to demonstrate how the issue was preserved), *overruled on other grounds by Gillespie v. State*, 107 N.M. 455, 760 P.2d 147 (1988). We further note that, although the

Supreme Court has granted certiorari with respect to *Yates*, and the State argues that recent Supreme Court amendments to Rule 5-604 are inconsistent with the analysis in *Yates*, *Yates* is the latest pronouncement from this Court and the Supreme Court has not reversed or overruled this Court's decision in *Yates*. Until the Supreme Court does so, *Yates* remains controlling precedent on which our courts are entitled to rely. *See Arco Materials v. N.M. Taxation & Revenue Dep't*, 118 N.M. 12, 14, 878 P.2d 330, 332 (Ct. App. 1994), *rev'd on other grounds by Blaze Constr. Co., Inc. v. Taxation & Revenue Dep't*, 118 N.M. 647, 884 P.2d 803 (1994). Finally, even if the issue was preserved, the State has not demonstrated that this issue is viable, as the State has not articulated a basis under *Yates* that would permit a new six-month period to commence with Defendant's arraignment in magistrate court.

Furthermore, to the extent the State contends that because of the amendments to Rule 5-604, the district court did not possess the authority to enter an "automatic" dismissal of Defendant's criminal charges without first considering lesser sanctions, we similarly deny the State's motion to amend its docketing statement to include this issue. The State points out that there is no indication that the district court considered alternatives to dismissal before entering its order dismissing Defendant's charges. While we recognize that a failure to exercise discretion conferred by law is, of itself, an abuse of discretion, *see Sandoval v. Chrysler Corp.*, 1998-NMCA-085, ¶ 12, 125

8

N.M. 292, 960 P.2d 834 (discussing trial court's failure to rule on the defendant's motion for remittitur, and holding that the trial judge's failure to exercise his discretion was, in itself, reversible error), the State has again not indicated how this issue was preserved below. *See Smith*, 102 N.M. at 353, 695 P.2d at 837.

Consequently, we deny the State's motion to amend its docketing statement.

**CONCLUSION**

For the reasons stated above and in this Court's second notice of proposed disposition, we affirm the district court's dismissal of the charges against Defendant. We further deny the State's motion to amend its docketing statement.

**IT IS SO ORDERED.**

_____

**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____

**JAMES J. WECHSLER, Judge**

_____

**LINDA M. VANZI, Judge**