The slip opinion is the first version of an opinion released by the Chief Clerk of the Supreme Court. Once an opinion is selected for publication by the Court, it is assigned a vendor-neutral citation by the Chief Clerk for compliance with Rule 23-112 NMRA, authenticated and formally published. The slip opinion may contain deviations from the formal authenticated opinion.

## IN THE SUPREME COURT OF THE STATE OF NEW MEXICO

Opinion Number:

Filing Date: June 17, 2026

**NO. S-1-SC-40604**

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

v.

**HEZEKIAH D. EAKER,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Stephen P. Ochoa, District Judge**

Raúl Torrez, Attorney General
Santa Fe, NM
Sarah M. Karni, Assistant Solicitor General
Albuquerque, NM

for Appellant

Bennett J. Baur, Chief Public Defender
Kimberly Chavez Cook, Appellate Defender
Mark A. Peralta-Silva, Assistant Appellate Defender
Santa Fe, NM

for Appellee

**OPINION**

**VARGAS, Chief Justice.**

{1}     In this case we determine whether NMSA 1978, Section 31-21-10.1 (2007)—which establishes a parole framework for sex offenders—provides that incarceration in prison is a prerequisite to the imposition of sex offender parole. We conclude that it does not. Instead, pursuant to the intent of the Legislature as reflected in the plain language of Section 31-21-10.1 and for additional reasons explained herein, sex offender parole is imposed at sentencing.

{2}     Defendant Hezekiah Eaker filed a habeas petition requesting release from his indeterminate five- to twenty-year term of sex offender parole, arguing that the parole sentence was illegally imposed because he was never incarcerated in prison on the related conviction. Because the district court erroneously granted Defendant's petition and released him from sex offender parole, we reverse and remand for proceedings consistent with this opinion.

## I.     BACKGROUND

{3}     In July 2012, Defendant pleaded no contest to one count of criminal sexual penetration (CSP) in the third degree, contrary to NMSA 1978, Section 30-9-11(F) (2009), and one count of incest, contrary to NMSA 1978, Section 30-10-3 (1963).

Guided by the wishes of the victim—who is Defendant's sister—the State did not oppose a conditional discharge for Defendant, which the district court granted.

{4} The district court cautioned Defendant that he did not "deserve" a conditional discharge and that future incarceration in the case would result in a five- to twenty-year term of sex offender parole. Accordingly, the conditional discharge order provided for a five- to twenty-year sex offender parole term in the event of incarceration. It also ordered a five-year term of supervised probation.

{5} In November 2013, the State moved to revoke Defendant's probation. He was apprehended after a woman called the police to report a man—Defendant—staring at her from across the road for hours. She later reported that Defendant, while looking at her residence, placed his hands on his unexposed genitals and made thrusting motions. She stated that it was not the only time Defendant had stared at her from across the road. The State's probation revocation motion was based on Defendant violating probation conditions related to the use of controlled substances, use of alcohol, violating laws or ordinances, and contact with a child.

{6} In November 2014, after a competency evaluation and various delays, Defendant pleaded no contest to violating parole in November 2013. After further delay, the district court entered an order revoking Defendant's probation and conditional discharge at a hearing in November 2015. On December 22, 2015,

2

Defendant was transferred from jail to prison. The district court amended its order revoking Defendant's probation and conditional discharge in January 2016.

{7} The revocation order adjudicated Defendant guilty of both CSP and incest. *See* NMSA 1978, § 31-20-13(A)-(B) (1994) ("If the person violates any of the conditions of probation" after receiving a conditional discharge, then "the court may enter an adjudication of guilt and proceed as otherwise provided by law."). The district court sentenced Defendant to three years of incarceration for each count, to run consecutively. Defendant received a two-year parole sentence for incest and an indeterminate five- to twenty-year sex offender parole term for CSP in the third degree.

{8} Defendant filed a habeas petition in district court in December 2022 and then an amended petition in May 2023. He raised three issues in his amended petition, including a request to be released from his indeterminate five- to twenty-year term of sex offender parole. He argued that the sentence for CSP expired before he was transferred to prison, and because prison is a prerequisite to sex offender parole, his sex offender parole was "not authorized" as a matter of law. The district court agreed with Defendant that he could not be sentenced to an indeterminate five- to twenty-year term of sex offender parole because Defendant did not serve any of that

sentence in prison. The district court therefore discharged Defendant from his sex offender parole term and declined to address Defendant's other two arguments.[1]

{9} The State appeals directly to this Court. *See* Rule 5-802(N)(1) NMRA; Rule 12-102(A)(3) NMRA (requiring that "appeals from the granting of writs of habeas corpus" be taken to this Court).

## II. DISCUSSION

## A. Standard of Review and Principles of Construction

{10} When reviewing the grant or denial of a petition for writ of habeas corpus, we review factual questions for substantial evidence, and questions of law are reviewed de novo. *State v. Worley*, 2020-NMSC-021, ¶¶ 12-13, 476 P.3d 1212.

{11} Statutory construction of Section 31-21-10.1 "is a matter of law that we review de novo." *State v. Nick R.*, 2009-NMSC-050, ¶ 11, 147 N.M. 182, 218 P.3d 868. "When construing statutes, our guiding principle is to determine and give effect to legislative intent." *Ferlic v. Mesilla Valley Reg'l Dispatch Auth.*, 2025-NMSC-028, ¶ 10, 578 P.3d 1051 (internal quotation marks and citation omitted). "The

---

[1]Defendant's two unreviewed arguments were that he should be "Immediately Discharge[d] . . . from Any Further Obligations Under His Sentence" because he did not receive a parole duration review hearing after serving five years of sex offender parole, as required by statute, and that the district court failed to advise Defendant of his maximum sentence prior to accepting Defendant's plea.

primary indicator of the Legislature's intent is the plain language of the statute," and when the plain language of the "statute is clear and unambiguous, we interpret it as written." *Lion's Gate Water v. D'Antonio*, 2009-NMSC-057, ¶ 23, 147 N.M. 523, 226 P.3d 622. But "[i]f the result of adopting a strict construction of the statutory language would be absurd or unreasonable, then we interpret the statute according to its obvious spirit or reason." *Id.* (internal quotation marks and citation omitted).

{12} To discern the legislative spirit or reason, we may consider "[t]he legislative history of the statute, including historical amendments, and whether it is part of a more comprehensive act." *State v. Davis*, 2003-NMSC-022, ¶ 6, 134 N.M. 172, 74 P.3d 1064 (citation omitted). In considering a statute's meaning by reference to its place within a more comprehensive act, we "read different legislative enactments as harmonious instead of as contradicting one another," *State v. Rivera*, 2004-NMSC-001, ¶ 13, 134 N.M. 768, 82 P.3d 939 (internal quotation marks and citation omitted); that is, in pari materia, *Bolen v. N.M. Racing Comm'n*, 2025-NMSC-034, ¶ 17, 578 P.3d 1121.

**B.    The District Court Erred in Discharging Defendant from His Five- to Twenty-Year Sex Offender Parole Sentence, Which Had Been Ordered Pursuant to Section 31-21-10.1**

{13} Section 31-21-10.1(A), (A)(1) provides:

> If the district court *sentences* a sex offender to a term of incarceration in a facility designated by the corrections department, the district court

5

*shall* include a provision in the judgment and sentence that specifically requires the sex offender to serve an indeterminate period of supervised parole for a period of . . . not less than five years and not in excess of twenty years for the offense of . . . [CSP] in the third degree.

(Emphasis added.)

{14} The State argues that in order to impose sex offender parole, the plain language of Section 31-21-10.1 merely requires that a sex offender be *sentenced* to a prison term. The State relatedly argues that the statute does not require that a sex offender also *serve* time in prison, contrary to the conclusion of the district court.

{15} We agree with the State. In light of our conclusion, we need not address the State's alternative argument with respect to the sequence of the sentences. The plain language of Section 31-21-10.1 clearly connects sex offender parole to the sentence of a sex offender. Under the plain language of Section 31-21-10.1(A)(1), a defendant who is sentenced for CSP (or another enumerated sex crime) is subject to indeterminate sex offender parole. *See also State v. Benavidez*, ___-NMSC-___, ¶ 33, ___ P.3d ___ (S-1-SC-40452, Feb. 23, 2026) ("[O]ur criminal sentencing laws impose a period of parole on every defendant convicted of a felony and *sentenced* to imprisonment for more than one year." (emphasis added)). There is no additional requirement in the statutory language of Section 31-21-10.1 that a defendant who commits one of the enumerated sex crimes must serve time in prison to be subject to indeterminate sex offender parole, and "[w]e will not read into a statute language

6

which is not there." *State v. Hubble*, 2009-NMSC-014, ¶ 10, 146 N.M. 70, 206 P.3d 579.

{16}     Defendant argues that the comprehensive statutory scheme for parole counsels a different result. Because the language of the statute at issue is plain and unambiguous, we can interpret it as written without searching for its meaning within a more comprehensive scheme. *See Lion's Gate Water*, 2009-NMSC-057, ¶ 23 (stating that we interpret the language of a statute as written when the language is clear and unambiguous); *Rivera*, 2004-NMSC-001, ¶¶ 10, 13 (stating that we can consider a statute's meaning within a more comprehensive act, and in doing so attempt to read statutes in harmony, where the language of the statute is unclear or ambiguous). Yet even reading Section 31-21-10.1(A)(1) in pari materia with other parole-related statutes is unavailing to Defendant.

{17}     As Defendant suggests, Section 31-21-10.1 is part of the broader statutory framework of parole. *Cf. State v. Pelt*, 2025-NMSC-042, ¶ 4, 580 P.3d 164 (holding that "both the general probation statute and the sex-offender-specific statute apply to sex offenders"). In *Pelt*, we recognized that "there are key differences between the general and sex-offender-specific probation statutes"; however, we concluded that "[r]eading those differences harmoniously . . . evinces a coherent scheme of sex-offender probation that provides for an extended period of supervision that is

7

integrable with the process used for other probationers." *Id.* ¶ 8. The *Pelt* approach to the statutory scheme for probation is analogous to the statutory scheme for parole rendering it helpful here: the sex-offender-specific parole statute—Section 31-21-10.1—is not self-contained; rather, it is integrated into the broader parole scheme. *See, e.g.*, NMSA 1978, § 31-21-10(F) (2025)[2] (providing a mechanism for satisfaction and discharge from parole); § 31-21-10.1 (providing terms, conditions, and period of sex offender parole but without providing any mechanism for satisfaction and discharge from parole akin to that provided in Section 31-21-10(F)); § 31-21-10(D) ("*Except for certain sex offenders as provided in Section 31-21-10.1 NMSA 1978*, an inmate who was convicted of a first, second or third degree felony and who has served the sentence of imprisonment imposed by the court in an institution designated by the corrections department shall be required to undergo a two-year period of parole." (emphasis added)).

{18}    Defendant argues that his proposed construction of Section 31-21-10.1—that sex offender parole can only be imposed after a defendant has served time in prison—is supported by construing Section 31-21-10.1 in pari materia with NMSA

---

[2]Section 31-21-10 was amended, effective May 20, 2025. Although the wording did not change, the subsections were redesignated. We cite to the 2025 subsection designations as relied upon by the parties.

8

1978, Section 31-18-15(C), (D) (2007, amended 2025), and in light of *State v. Brown*, 1999-NMSC-004, 126 N.M. 642, 974 P.2d 136. We are not persuaded.

{19}    Following the reasoning of the district court, Defendant argues that Section 31-18-15(C) (2007) establishes that sex offender parole cannot be imposed unless a defendant has served time in prison. Section 31-18-15(C) (2007) provides,

> The court shall include in the judgment and sentence of each person convicted and sentenced to imprisonment in a corrections facility designated by the corrections department authority for a period of parole to be served in accordance with the provisions of Section 31-21-10 NMSA 1978 after the completion of any actual time of imprisonment.

The district court, in its order discharging Defendant from sex offender parole, interpreted Section 31-18-15(C) (2007) to mean that "parole may only be imposed *after* the completion of any *actual* time of imprisonment in a NMCD corrections facility" (internal quotation marks and citation omitted).

{20}    We disagree with the conclusion of the district court and Defendant—based on Section 31-18-15(C) (2007)—that sex offender parole cannot be imposed unless a defendant has been incarcerated in prison. Indeterminate sex offender parole is in fact imposed at *sentencing* because the Legislature has stated in Section 31-21-10.1(A) that the district court must include it in the judgment and sentence for certain enumerated sex crimes. *Id.* ("If the district court sentences a sex offender to a term of incarceration in a facility designated by the corrections department, the district

9

court shall include a provision in the judgment and sentence that specifically requires the sex offender to serve an indeterminate period of supervised parole."). Indeed, Section 31-18-15(C) (2007) itself provides that the "period of parole shall be deemed to be part of the sentence of the convicted person in addition to the basic sentence imposed." Thus, parole is *imposed* and *attaches* at sentencing along with the basic sentence; parole simply does not *commence* until the completion of the initial basic sentence. *Gillespie v. State*, 1988-NMSC-068, ¶ 3, 107 N.M. 455, 760 P.2d 147 ("[T]he parole period for each offense commences immediately after the completion of the period of incarceration for each offense so that the parole period attached to each felony will run concurrently with any subsequent sentence then being served.").

{21} Moreover, to the extent that Defendant correctly identifies tension between the plain language of Section 31-21-10.1(A) and the language in Section 31-18-15(C) (2007) referring to "a period of parole to be served in accordance with the provisions of Section 31-21-10 NMSA 1978 after the completion of any actual time of imprisonment," the general/specific canon of statutory interpretation resolves that tension in favor of Section 31-21-10.1. *See State v. Santillanes*, 2001-NMSC-018, ¶ 7, 130 N.M. 464, 27 P.3d 456 (stating that, under the general/specific statute rule, "if two statutes dealing with the same subject conflict, the more specific statute will prevail over the more general statute absent a clear expression of legislative intent

10

to the contrary"). In sum, Defendant's argument grounded in Section 31-18-15(C) (2007)—that sex offender parole cannot be imposed absent time served in prison—fails to overcome the intent of the Legislature as manifest in the plain language of Section 31-21-10.1 that sex offender parole is mandatory and attaches at sentencing.

{22} Defendant also relies on Section 31-18-15(D) (2007), which provides that when a court sentences a defendant to prison but suspends or defers the defendant's basic sentence:

> [T]he period of parole shall be served in accordance with the provisions of Section 31-21-10 NMSA 1978 for the degree of felony for the basic sentence for which the inmate was convicted. For the purpose of designating a period of parole, a court shall not consider that the basic sentence of imprisonment was suspended or deferred and that the inmate served a period of imprisonment pursuant to the provisions of the Criminal Sentencing Act.

Defendant argues that this statute "recognizes that parole follows a prison term." That is incorrect. Section 31-18-15(D) (2007) merely requires a court to impose parole based on the basic sentence of the defendant's crime notwithstanding any suspension or deferral. *See Benavidez*, ___-NMSC-___, ¶ 34 (interpreting Section 31-18-15(D) (2022)[3] to require a court to designate the period of a defendant's parole

---

[3]While we interpreted the 2022 version of Section 31-18-15(D) in *Benavidez*, the pertinent language remains unchanged from Section 31-18-15(D) (2007), the relevant version here, which provides that "the period of parole shall be served . . . for the degree of felony for the basic sentence for which the inmate was convicted."

based on the "basic sentence of the defendant's crime" without reference to "any mitigation in the defendant's prison sentence"). Also, as Defendant acknowledges, Section 31-18-15(D) (2007) does not apply to the sex offender parole statute, Section 31-21-10.1; it applies to other crimes. *Compare* § 31-18-15(D) (2007) (stating that it applies to defendants sentenced to a term of imprisonment under NMSA 1978, Section 31-18-15.1 (2009), NMSA 1978, Section 31-18-16 (1993), or NMSA 1978, Section 31-18-17 (2003)), *with* § 31-21-10.1(I) (defining "sex offender" as applicable to convictions pursuant to NMSA 1978, Section 30-4-1 (2003), NMSA 1978, Section 30-9-11 (2009), NMSA 1978, Section 30-9-13 (2003), NMSA 1978, Section 30-6A-3 (2007), NMSA 1978, Section 30-6A-4 (1989), and NMSA 1978, Section 30-37-3.2 (2007)).

{23} Defendant also relies on *Brown*, and several statutes to make the point that, as we stated in *Brown*: "only prison sentences, not jail sentences, can have a parole requirement." 1999-NMSC-004, ¶ 12. True, but unhelpful to Defendant, as Defendant *was* sentenced to prison by the district court's revocation order, so *Brown*'s guidance with respect to jail sentences is of no import.

{24} Defendant's additional argument relying on the result in *Brown* is somewhat unclear and also unavailing; *Brown* is entirely distinguishable. The question at issue in *Brown* was whether the defendant was "entitled to have the time he served on

probation credited as time served on parole," and we determined that parole was not authorized under the circumstances in that case. *Id.* ¶¶ 11-12. The question in that case is not at issue here, and we do not issue advisory opinions. *See City of Las Cruces v. El Paso Elec. Co.*, 1998-NMSC-006, ¶ 18, 124 N.M. 640, 954 P.2d 72 (explaining that, as a general matter, we will not render advisory opinions). Furthermore, the result in *Brown* turned on the fact that the defendant was sentenced to jail and not prison; whereas here, Defendant was sentenced to prison. *See Brown,* 1999-NMSC-004, ¶ 12 ("Because the court sentenced Brown to jail and not to prison, parole was not authorized."). Lastly, *Brown* was not a sex offender parole case—Brown pleaded guilty to a charge of felon-in-possession-of-a-firearm, *id.* ¶ 2—and our opinion in *Brown* was issued prior to the passage of Section 31-21-10.1. *Compare* 2003 N.M. Laws, 1st Spec. Sess., ch. 1, § 9 (enacting Section 31-21-10.1 in 2003), *with Brown*, 1999-NMSC-004 (indicating that it was issued in 1999). *See also Dominguez v. State*, 2015-NMSC-014, ¶ 16, 348 P.3d 183 (recognizing that "cases are not authority for propositions not considered" (internal quotation marks and citation omitted)). We are not persuaded by *Brown* or Defendant's argument based thereon to depart from the plain language of Section 31-21-10.1.

{25} We lastly note that Defendant's proposed interpretation of Section 31-21-10.1 would lead to arbitrary disparate treatment of sex offenders with regard to sex

13

offender parole and would incentivize pretrial delay on the part of defendants. The result would be deeply contrary to the intent of the Legislature.

{26} Our Legislature established that the purpose of parole is to ensure that the treatment of convicts

> shall take into consideration their individual characteristics, circumstances, needs and potentialities as revealed by case study, and that such persons shall be dealt with . . . under parole supervision when a period of institutional treatment is deemed essential in light of the needs of public safety and their own welfare.

NMSA 1978, § 31-21-4 (1963) (stating the construction and purpose of the Probation and Parole Act). "In other words, tailored conditions of parole are contemplated to facilitate the rehabilitation of sex offenders and their reintegration into the community." *Aragon v. Martinez*, 2025-NMSC-046, ¶ 19, 580 P.3d 202.

{27} With regard specifically to sex offender parole pursuant to Section 31-21-10.1, "The state undoubtedly has a strong interest in rehabilitating and reintegrating convicted sex offenders through indeterminate parole while also ensuring the safety of the community." *Aragon*, 2025-NMSC-046, ¶ 40. "New Mexico . . . uses indeterminate parole to allow parole authorities to adjust the length of incarceration based on a prisoner's progress toward rehabilitation, ensuring that the punishment fits the offender." *Id.* ¶ 20 (brackets, internal quotation marks, and citation omitted). Sex offender parole is structured differently from parole for other crimes: the period

14

of parole supervision is longer relative to the degree of the felony. *Compare, e.g.*, § 31-21-10(D) (providing a parole term of two years for a first-degree felony that is not a qualifying sex offense), *with* § 31-21-10.1(A)(2) (providing a sex offender parole term of five years to life for second-degree CSP).

{28} Under Defendant's proposed reading of Section 31-21-10.1, a sex offender could avoid sex offender parole entirely if preconviction or presentence delay results in the defendant serving out the sentence in jail. That would be contrary to the Legislature's clear intent to tailor conditions of parole to the "individual characteristics, circumstances, [and] needs" of the defendant, § 31-21-4, and the state's "strong interest in rehabilitating and reintegrating convicted sex offenders through indeterminate parole," *Aragon*, 2025-NMSC-046, ¶ 40. For this reason, also, we reject Defendant's argument.

**III. CONCLUSION**

{29} We hold that under the plain language of Section 31-21-10.1 and as confirmed by the additional reasons explained herein, sex offender parole is imposed at sentencing. Because the district court erroneously granted Defendant's petition for habeas corpus and released him from sex offender parole, we reverse and remand for proceedings consistent with this opinion.

**{30}** **IT IS SO ORDERED.**

_____

**JULIE J. VARGAS, Chief Justice**

**WE CONCUR:**

_____

**MICHAEL E. VIGIL, Justice**

_____

**C. SHANNON BACON, Justice**

_____

**DAVID K. THOMSON, Justice**

_____

**BRIANA H. ZAMORA, Justice**